

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI EX REL.     )
ANDREW BAILEY,     )
    )
      Relator,     )
    )
v.     )     No. SC100509
    )
HONORABLE C. WADE PIERCE     )
    )
and     )
    )
HONORABLE KACEY L. PROCTOR,     )
    )
      Respondents.     )

*Opinion issued June 18, 2024*

### ORIGINAL PROCEEDING IN PROHIBITION

Andrew Bailey, Missouri Attorney General, ("Relator") filed a petition for a writ of prohibition or mandamus alleging the circuit court lacked authority in a criminal case to sustain Defendant's motion for change of judge, after Defendant and the prosecutor previously stipulated to and received a change of venue and a change of judge. This Court issues a permanent writ of prohibition barring the circuit court from enforcing the order sustaining Defendant's second change of judge in violation of Rule 32.02.

## Background

On July 6, 2021, the State filed an information charging Defendant with a felony. The circuit judge assigned to the case recused. On July 13, 2023, this Court designated a trial judge. On August 12, 2021, Defendant and the prosecuting attorney filed a joint stipulation to a change of venue from Stoddard County to Butler County, and a change of judge to the Honorable Michael Pritchett.[1] The circuit court transferred the case to Butler County, and the case was assigned to Judge Pritchett. On March 1, 2023, the Butler County circuit court sustained the prosecuting attorney's motion requesting the appointment of a special prosecutor and appointed Relator as the special prosecutor.

Following Judge Pritchett's retirement, the case was assigned to the Honorable Kacey Proctor. On November 28, 2023, Defendant filed a motion for change of judge, stating in full: "Comes now Defendant and requests a Change of Judge in connection with the above captioned case." Judge Proctor sustained Defendant's motion and submitted a "Judicial Transfer Request" form to this Court. The transfer request form indicated a judge was unavailable because the circuit court had sustained Defendant's motion for a change of judge. This Court assigned Judge Wade Pierce to Defendant's case.

Relator filed a petition for a writ of prohibition or mandamus alleging the circuit court lacked authority to sustain Defendant's motion for a change of judge. The court of appeals issued a permanent writ of prohibition and transferred the case to this Court pursuant to Rules 83.02 and 84.24(m). Defendant elected not to file a brief, but instead filed a concession to

---

[1] The circuit court subsequently appointed Relator as the special prosecutor in Defendant's case. Stoddard County is in the 35th Judicial Circuit. Butler County is in the 36th Judicial Circuit.

2

Relator's writ of prohibition requesting "the case to be reassigned to Judge Proctor for final disposition."

## Analysis

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, § 4.1. This Court may issue a writ of prohibition:

(1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*State ex rel. Tyler Techs., Inc. v. Chamberlain*, 679 S.W.3d 474, 477 (Mo. banc 2023).

Rule 32.02 provides:

If the parties file a stipulation agreeing upon the transfer of a criminal proceeding triable by jury to a designated court of competent jurisdiction, the court shall order the criminal proceeding transferred to such court. The stipulation shall be filed not later than ten days after the initial plea is entered. The stipulation may be signed by the defendant or the defendant's attorney. Thereafter, no change of venue *or change of judge* shall be granted to any party stipulating to the change except as provided in Rule 32.09(c) or Rule 32.10. In lieu of transferring the case to the stipulated county, the court may secure a jury from another county as provided by law.

(Emphasis added). Similarly, Rule 32.08(a) provides, "If a party requests and obtains either a change of venue or a change of judge, except a change of judge pursuant to Rule 32.06, that party shall not be sustained any additional change thereafter except as provided in Rule 32.09(c) or Rule 32.10." Defendant's stipulation to a change of venue and change of judge precluded the circuit court from sustaining Defendant's subsequent motion for a change of judge. Defendant did not allege or show a change of judge was required due to "fundamental fairness" under Rule 32.09(c) or because Judge Proctor is "related to any defendant or has an interest in or has been counsel in the criminal proceedings or disqualifies for any other reason"

3

under Rule 32.10.[2]  As Defendant concedes, Judge Proctor lacked authority to sustain Defendant's November 28, 2023, motion for a change of judge.  A writ of prohibition is an appropriate remedy for the circuit court's lack of authority to sustain Defendant's motion for change of judge.  *Tyler Techs.,* 679 S.W.3d at 477.[3]

## Conclusion

The circuit court is prohibited from enforcing the order erroneously sustaining Defendant's November 28, 2023, motion for change of judge.  The circuit court is ordered to set aside the order sustaining the motion for change of judge, with the result that the case remains assigned to Judge Proctor.



Zel M. Fischer, Judge

All concur.

---

[2] Rule 2-2.11 generally provides "[a] judge shall recuse himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned" and then provides a non-exclusive list of several specific instances in which recusal is required.  A judge's obligation to recuse or disqualify from a case in appropriate circumstances is necessary for fairness in a specific case and, by extension, for continued institutional integrity.  The obligation to recuse, however, must account for the competing obligation to hear and decide cases assigned to the judge.  Rule 2-2.7 codifies these obligations by providing, "A judge shall hear and decide matters assigned to the judge, except when recusal is appropriate under this code or other law."  Rule 2-2.7.  Determining whether a "judge's impartiality might reasonably be questioned" is sometimes difficult, but must account for the obligation to hear and decide the case assigned to the judge.  If a judge recuses for reasons not truly warranting recusal, the judge is neglecting the ethical obligation to hear and decide matters for which there is no adequate basis for recusal.

[3] The fact this Court issued an administrative order assigning a judge to the case after being notified a judge is unavailable does not preclude the court of appeals from issuing a writ prohibiting the circuit court from acting in excess of its authority under this Court's rules governing a change of judge.  The court of appeals is empowered to issue remedial writs when the circuit court acts in excess of its authority, as it did in this case.  Mo. Const. Art. V, §4.  This Court's order transferring judicial personnel to ensure a judge was assigned to the case was administrative only.  It was not based on any consideration of the procedural or substantive merits of the circuit court's decision sustaining Defendant's motion for change of judge.  Under these circumstances, this Court's administrative transfer order does not bar the court of appeals from issuing a writ finally disposing of the writ petition nor require the court of appeals to transfer the case here for final disposition.

4